IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Conagra Foods, Inc. f/k/a Conagra, Inc.;**
**Swift-Eckrich, Inc.; Kraft Foodservice, Inc.;**
**Safeway, Inc.; and Phillips Connections, Inc.**
**d/b/a Phillips Connections and Hanover, Inc.,**

        **Plaintiffs,**

v.                                                               Case No. 13-2064-JWL

**Americold Logistics, LLC; and**
**Americold Realty Trust,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiffs filed a petition in state court asserting claims for breach of contract and specific performance arising out of defendants' refusal to execute Stipulations of Revivor after the Kansas Supreme Court ruled that plaintiffs' underlying judgments against defendants' predecessor were extinguished. Defendants removed the case on the basis of diversity jurisdiction. Shortly thereafter, defendants filed a motion to dismiss plaintiffs' petition on various grounds. In May 2013, the court held a hearing on the motion to dismiss during which defendants agreed to withdraw their motion and the parties agreed that the issues were best resolved in the context of cross-motions for summary judgment. The parties further agreed that no discovery was necessary (and none was conducted) and have stipulated to all but a handful of the pertinent facts. This matter, then, is now before the court on the parties' cross-motions for

summary judgment (doc. 35 and 37). As will be explained, plaintiffs' motion is denied and defendants' motion is granted.

**Standard**

"Summary judgment is appropriate if the pleadings, depositions, other discovery materials, and affidavits demonstrate the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Water Pik, Inc. v. Med-Systems, Inc.*, ___ F.3d ____, 2013 WL 4046470, at *4 (10th Cir. Aug. 12, 2013) (quotation omitted); *see* Fed. R. Civ. P. 56(a). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Water Pik, Inc.*, ___ F.3d at ___; 2013 WL 4046470, at *4 (quotation omitted). The nonmoving party is entitled to all reasonable inferences from the record; but if the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue. *Id*.

The fact that the parties here have filed cross-motions for summary judgment does not change the legal standard. Each party has the burden of establishing the lack of a genuine issue of material fact and entitlement to judgment as a matter of law. *Atlantic Richfield Co. v. Farm Cr. Bank*, 226 F.3d 1138, 1148 (10th Cir. 2000). "[C]ross-motions for summary judgment are to be treated separated; the denial of one does not require the grant of another." *Ultra Clean Holdings, Inc. v. TFG-California, L.P.*, ___ Fed. Appx. ___, at *3 (10th Cir. Aug. 21, 2013) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)). "And when the

parties file cross-motions for summary judgment, the court is entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Id.* (quoting *Atlantic Richfield*, 226 F.3d at 1148).

**Facts**

The following facts have either been stipulated by the parties in the parties' joint stipulation of facts (doc. 30) or are related in the light most favorable to the nonmoving party. In December 1991 a fire started in an underground storage facility generally known as 6500 Inland Drive in Kansas City, Kansas. The facility was owned and operated by Americold Corporation. Defendant Americold Logistics, LLC, a wholly owned subsidiary of defendant Americold Realty Trust, is the legal successor to Americold Corporation. Defendants Americold Logistics, LLC and Americold Realty Trust will be referred to collectively as "Americold."

Plaintiffs ConAgra Foods, Inc. f/k/a/ ConAgra, Inc.; Swift-Eckrich, Inc.; Kraft Foodservice, Inc.; Safeway, Inc.; and Phillips Confections, Inc. d/b/a Phillips Confections and Hanover, Inc. leased space for storage of food products in Americold's underground facility. Plaintiffs filed lawsuits against Americold Corporation in 1992 seeking damages for their lost and contaminated products. Plaintiffs' cases were consolidated into *Associated Wholesale Grocers et al. v. Americold Corporation et al.*, Case No. 92C4015 in the District Court of Wyandotte County, Kansas (the "Kansas Action"). Americold Corporation was insured under a policy of commercial excess liability insurance issued by Northwestern Pacific Indemnity

Company (NPIC) with limits of $25,000,000. NPIC denied coverage for the claims under the policy's pollution exclusion because NPIC claimed the damages had been caused by toxic smoke. On March 10, 1994, a settlement was reached between Americold Corporation and plaintiffs, along with other claimants against Americold Corporation that are not parties to the present action.

The Settlement Agreement provided for the entry of consent judgments in favor of the plaintiffs and a covenant not to execute by plaintiffs on the personal assets of Americold Corporation. The Settlement Agreement included an assignment by Americold Corporation to plaintiffs of Americold Corporation's right to seek recovery of insurance policy proceeds and amounts in excess of policy limits from excess carriers including NPIC. As partial consideration for Americold Corporation agreeing to settle the dispute "and in recognition of Americold's interest in protecting its personal assets," plaintiffs agreed that they would seek to satisfy their judgments against Americold Corporation "by execution, garnishment or otherwise as provided by law against the liability insurance identified" in the Settlement Agreement. Settlement Agreement at ¶ 11.3. Americold Corporation agreed to "execute any additional documents necessary to effectuate the purpose and intent of [the Settlement Agreement] or to pursue the assigned claims or execute on the judgments obtained by plaintiffs." *Id*. ¶ 14.1. Pursuant to the Settlement Agreement, consent judgments were entered in favor of plaintiffs and against Americold Corporation. NPIC is not a party to the Consent Judgments.

On March 15, 1994, NPIC filed a declaratory judgment action in the District Court of Johnson County, Kansas against Americold Corporation and plaintiffs in the Kansas Action. The action sought a declaration that (1) the NPIC policy issued to Americold Corporation

provided no coverage; (2) NPIC had no duty to defend or indemnify Americold Corporation for the pending lease claims; and (3) if any coverage existed, it was excess to any covered available to Americold Corporation under the tenant liability policies.  This action was transferred to the District Court of Wyandotte County and consolidated into the Kansas Action.  In September 1994, after the Consent Judgments were entered in favor of plaintiffs in the Kansas Action, plaintiffs in the Kansas Action commenced garnishment proceedings against NPIC and TIG Insurance Company.

After extensive discovery in the garnishment action, a ten-week trial took place which terminated on November 15, 2005.  Plaintiffs did not file renewal affidavits, file requests for the issuance of additional garnishments, or file motions to revive the Consent Judgments with the District Court of Wyandotte County, Kansas.  On November 14, 2005, NPIC filed a Request to the Clerk of Court pursuant to K.S.A. § 60-2403(a) to Release Judgments of Record.  The Wyandotte County Clerk released the 1994 Consent Judgments in November 2005.  NPIC then moved to dismiss the garnishment proceedings on the grounds that the district court lacked subject matter jurisdiction to conduct the garnishment proceedings.  On January 19, 2006, the district court entered its journal entry denying NPIC's motion to dismiss.  In that order, the district court determined that "the action of the Clerk of the District Court of Wyandotte County, Kansas in extinguishing these judgments pursuant to K.S.A. 60-2403 was in error based upon the court's ruling herein and is set aside and determined to be void ab initio."  On or about August 27, 2007, separate journal entries of judgment were entered against NPIC and in favor of plaintiffs (the "NPIC Judgments").

NPIC appealed the district court's January 19, 2006 decision and the Kansas Supreme Court reversed that decision. *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 270 P.3d 1074 (Kan. 2011) (*Americold III*). In so deciding, the Kansas Supreme Court wrote:

> [W]e hold that when the district court entered its judgment against NPIC in this garnishment proceeding, the Plaintiffs' underlying consent judgments against Americold had been extinguished by operation of the dormancy and revivor statutes, K.S.A. 60-2403 and K.S.A. 60-2404. Because Americold was not legally obligated to pay an unenforceable judgment, NPIC was no longer indebted to Americold under its contract to pay the judgments for which Americold was legally liable.

*Id.* at 1083. The Kansas Supreme Court, then, remanded the matter to the district court to dismiss without prejudice the garnishment proceedings. Thereafter, the district court dismissed the garnishment action and vacated the judgments in favor of plaintiffs and against NPIC.[1]

After the decision in *Americold III*, plaintiffs made demand on Americold to execute Stipulations of Revivor pursuant to K.S.A. § 60-2404, asserting that Americold was contractually obligated to execute those Stipulations under ¶ 14.1 of the parties' Settlement Agreement in the Kansas Action. Americold refused the demand and this lawsuit followed.

Additional facts will be provided as they relate to the specific arguments asserted by the parties in their submissions.

**Discussion**

---

[1] Plaintiffs assert in their factual statement that NPIC, a non-party to the Consent Judgments, lacked standing to request that the Consent Judgments be released of record. The court, however, does not read plaintiffs' submissions as raising that particular argument here and, in fact, plaintiffs could not assert that argument here.

Plaintiffs and Americold move for summary judgment on plaintiffs' specific performance and breach of contract claims.[2] Those claims are based on Americold's alleged breach of paragraph 14.1 of the parties' Settlement Agreement in the Kansas Action. That paragraph provides:

> Americold agrees that it will make available to Plaintiffs all evidence, not privileged, that relates to Plaintiffs' pursuit of claims assigned in Sections 8 and 9 of this Agreement and will cooperate with Plaintiffs. Americold will execute any additional documents necessary to effectuate the purpose and intent of this Agreement or to pursue the assigned claims or execute on the judgments obtained by Plaintiffs.

On its face, then, paragraph 14.1 contemplates the use of an objective standard in determining whether a particular document is "necessary" to achieve plaintiffs' purposes; plaintiffs may not simply demand the execution of any additional document that they subjectively believe is necessary. Similarly, Americold cannot refuse to sign a document that it subjectively believes is unnecessary to achieve plaintiffs' purposes. None of the parties here contends otherwise.

According to plaintiffs, Americold breached paragraph 14.1 of the parties' agreement by refusing to execute Stipulations of Revivor that would enable plaintiffs to execute on the Consent Judgments. Plaintiffs contend that Americold's refusal has prevented plaintiffs from

---

[2] In addition to their breach of contract and specific performance claims, plaintiffs assert in their petition separate claims for breach of the duty of good faith and fair dealing; promissory estoppel; and equitable estoppel. Americold has moved for summary judgment on these claims. Plaintiffs have not mentioned these claims either in their own motion for summary judgment or in response to Americold's motion. The court presumes, then, that plaintiffs have abandoned these claims and grants summary judgment in favor of Americold. *Maestas v. Segura*, 416 F.3d 1182, 1190 n.9 (10th Cir. 2005) (plaintiffs abandoned claims "as evidenced by their failure to seriously address them in their briefs"); *Hinsdale v. City of Liberal, Kansas*, 19 Fed. Appx. 749, 768-70 (10th Cir. 2001) (affirming district court's grant of summary judgment in favor of defendant on certain claims after concluding that plaintiff had abandoned those claims by failing to address them in response to the defendant's motion for summary judgment) (citing *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992)).

recovering from NPIC the amount of the judgments against Americold such that plaintiffs have sustained more than $35 million in damages. Americold, in turn, contends that plaintiffs' claims fail because a Stipulation of Revivor is meaningless in light of the Kansas Supreme Court's ruling in *Americold III* that the Consent Judgments have been extinguished and, accordingly, cannot be revived in any event.

In their motions for summary judgment, then, the parties recognize that plaintiffs' claims rise or fall depending on whether the Consent Judgments can be revived by stipulation at this juncture. Plaintiffs urge that K.S.A. § 60-2404 permits the revival of a judgment by stipulation at any time after dormancy. Americold contends that a judgment, once extinguished, simply cannot be revived, even by stipulation. As will be explained, the court concludes that plaintiffs cannot establish that Americold breached any obligations under ¶ 14.1 because, as a matter of law, a Stipulation of Revivor is not "necessary" to plaintiffs' ability to execute upon the Consent Judgments against NPIC. Indeed, because the Kansas Supreme Court in *Americold III* held that the Consent Judgments were "extinguished," a Stipulation of Revivor is but a nullity—utterly useless to plaintiffs' efforts to effectuate the purpose and intent of the parties' settlement agreement in the Kansas Action, to pursue the assigned claims or to execute on the judgments. *See Clark v. Glazer*, 4 Kan. App. 2d 658, 661 (1980) ("By virtue of the statute, after seven years of inaction by plaintiff her judgment was extinguished, and . . . this declaratory judgment action cannot be used to revive a judgment long dead."). Summary judgment, then, is warranted in favor of Americold and against plaintiffs on their claims.[3]

---

[3] The court declines to address Americold's alternative arguments in support of its motion for summary judgment, including its arguments concerning the doctrines of impossibility and

The court begins its analysis by reviewing the relevant provisions of the dormancy and revivor statutes. Pursuant to K.S.A. § 60-2403, a judgment becomes dormant after five years if a renewal affidavit is not filed or if an execution, including any garnishment proceeding, is not issued. Significantly, § 60-2403 also states that "When a judgment becomes and remains dormant for a period of two years, it shall be the duty of the clerk of the court to release the judgment of record when requested to do so." Deleting the portions applicable to child support judgments, the revivor provisions of K.S.A. § 60-2404 are as follows:

> A dormant judgment may be revived and have the same force and effect as if it had not become dormant if the holder thereof files a motion for revivor and files a request for the immediate issuance of an execution thereon if such motion is granted. Notice of the filing of the motion shall be given as for a summons under article 3 of this chapter. If the motion for revivor was filed within two years after the date on which the judgment became dormant . . . , on the hearing thereof the court shall enter an order of revivor unless good cause to the contrary be shown, and thereupon the execution shall issue forthwith. . . . A judgment may also be revived by the filing of a written stipulation of revivor signed by all of the parties affected thereby. For the purpose of this section, . . . any attachment or garnishment process shall have the same effect as the issuance of an execution."

K.S.A. § 60-2404. When viewed together, the dormancy and revivor statutes permit a party to revive a dormant judgment at any time within two years of the date on which such judgment became dormant. *Johnson Bros. Wholesale Liquor Co. v. Clemmons*, 233 Kan. 405, 407 (1983). After that revivor period, a judgment is released pursuant to § 60-2403 and cannot be revived. *See O'connor v. Midwest Pipe Fabricators, Inc.*, 198 F. Supp. 2d 1275, 1278 (D. Kan. 2002) ("When a judgment remains dormant for two years, the judgment is released and may not be revived."); *Long v. Brooks*, 6 Kan. App. 2d 963, 966 (1981) (If a dormant judgment is not

---

frustration of purpose; that plaintiff's claims are barred by the statute of limitations and/or the doctrine of res judicata; that any damages sustained by plaintiffs were caused by plaintiffs' own inaction; and that Americold has fulfilled its contractual obligations.

9

revived, it becomes "absolutely extinguished and unenforceable two years thereafter . . . and once the period for revivor passes, there is absolutely nothing left of that judgment to which even 'equitable principles' could be applied.").

In *Ameriold III*, the Kansas Supreme Court applied the dormancy and revivor statutes to the Consent Judgments at issue here. 270 P.3d 1074 (2011). In that case, NPIC argued that the underlying judgments had become "extinguished" pursuant to K.S.A. § 60-2403 and the Kansas Supreme Court found in favor of NPIC on that issue. *Id*. at 1076, 1083. According to the Court, the consent judgments, under K.S.A. § 60-2403, became dormant in January 2000, five years after the last garnishment was issued. *See Americold III*, 270 P.3d at 1080. The Supreme Court, however, also held that the dormant judgments were "extinguished" because they had not been revived by plaintiffs within two years of dormancy. *See id*. at 1080, 1083. In so holding, the Court reiterated that the dormancy and revivor statutes are distinguished from ordinary statutes of limitation and that they demand "strict compliance and allow for no exceptions." *Id*. at 1082. Because the Consent Judgments were extinguished and unenforceable, the Court held that the district court lacked subject matter jurisdiction to enter a judgment in favor of plaintiffs against NPIC as garnishees and even recognized that the parties could not confer subject matter jurisdiction "by consent." *Id*. at 1079, 1083.

Nonetheless, plaintiffs argue that the filing of a stipulation of revivor is a separate and distinct method of reviving a judgment within K.S.A. § 60-2404 that on its face permits revivor at any time after dormancy. Plaintiffs note that the provision for the filing of stipulation of revivor is set apart from the provision requiring a motion for revivor within two years after dormancy. Plaintiffs' interpretation of the pertinent statutes is not persuasive to the court. To

10

begin, K.S.A. § 60-2404 plainly applies, as its title dictates, to the "Revivor of [a] Dormant Judgment." By definition, a "dormant" judgment is one that has not been extinguished by lapse of time. Black's Law Dictionary 339 (Abridged 6th ed. 1990). Dormancy can be cured through revival. *Id.*; *First National Bank of Norton v. Harper*, 169 P.2d 844, 845-46 (1946). But a dormant judgment that is not revived within the statutory period "dies." *First National Bank*, 169 P.2d at 846. Pursuant to *Americold III*, the Consent Judgments here are not dormant such that they can be revived under K.S.A. § 60-2404. The Consent Judgments have been "extinguished," 270 P.3d at 1083, and plaintiffs' argument fails to come to grips both with the *Americold III* decision itself (in which the Court recognized that because the judgments were unenforceable, the court lacked subject matter jurisdiction could not be conferred "by consent") and with the critical distinction between dormant and extinguished judgments. Because the Consent Judgments have been extinguished and released of record, they are not subject to revivor under any method set forth in K.S.A. § 60-2404. *See Americold III,* 270 P.3d at 1079 (recognizing that if the judgments are unenforceable, then the parties "cannot confer subject matter jurisdiction on the district court by consent, waiver, or estoppel"); *Long v. Brooks*, 6 Kan. App. 2d 963, 966 (1981) (If a dormant judgment is not revived, it becomes "absolutely extinguished and unenforceable two years thereafter . . . and once the period for revivor passes, there is absolutely nothing left of that judgment to which even 'equitable principles' could be applied."); *Clark v. Glazer*, 4 609 P.2d 1177, 1178-80 (Kan App. 1980) (By virtue of K.S.A. 60-2403 and 60-2404, plaintiff's judgment became "dormant," and then "barred" two years later; a declaratory judgment action could not be used to revive the judgment indirectly "when it could not be revived directly;" the judgment was "long dead").

11

Moreover, plaintiffs' interpretation of K.S.A. § 60-2404 fails to consider that statute in conjunction with K.S.A. § 60-2403 and the two statutes must necessarily be read together. *Americold III*, 270 P.3d at 1079-80. K.S.A. § 60-2403 plainly provides for a finite dormancy period of two years regardless of the method of revivor utilized: "When a judgment becomes and remains dormant for a period of two years, it shall be the duty of the judge to release the judgment of record when requested to do so." Modern cases support the conclusion that revival of a judgment must occur, if at all, within the two-year period for revivor. *See Cyr v. Cyr*, 815 P.2d 97, 100 (Kan. 1991) ("Once a judgment grows dormant, however, and is not revived pursuant to K.S.A. 60-2404, it becomes absolutely extinguished and unenforceable."); *State v. Douglas,* 279 P.3d at 740-41 (If a dormant judgment is not revived "as provided in K.S.A. 60-2404, such dormant judgments become absolutely extinguished and unenforceable two years thereafter."); *Gardner v. Gardner*, 916 P.2d 43, 45 (Kan. App. 1996) ("A dormant judgment cannot be revived if it remains dormant for a specified period of time."); *Clark v. Glazer*, 4 609 P.2d 1177, 1178-80 (Kan App. 1980) (By virtue of K.S.A. § 60-2403 and § 60-2404, plaintiff's judgment became "dormant," and then "barred" two years later; a declaratory judgment action could not be used to revive the judgment indirectly "when it could not be revived directly;" the judgment was "long dead").[4]

Plaintiffs urge that their interpretation of the Stipulation of Revivor provision of K.S.A. § 60-2404 is consistent with the legislative history of the statute dating back to the mid- to late

---

[4] Plaintiffs have not directed the court to any case permitting an extinguished judgment to be revived under any circumstance. While it is true that there are no cases whatsoever specifically addressing the filing of a "stipulation of revivor under K.S.A. § 60-2404, these cases compel the conclusion that a two-year revivor period exists regardless of the method of revivor.

1800s, when Kansas courts, drawing an analogy to the revivor of actions upon a defendant's death, recognized that dormant judgments could be revived by consent despite the fact that the Kansas General Statutes of 1868 did not expressly provide for the revivor of dormant judgments by consent. *See, e.g., Halsey v. Van Vliet*, 27 Kan. 476, 479 (1882). For two reasons, these early cases are not persuasive to the court. First, these cases address dormant judgments rather than extinguished judgments. Second, to the extent those cases suggest that a dormant judgment could be revived by consent after the expiration of the prescribed dormancy period, the Kansas Legislature clarified that issue by virtue of a 1909 amendment stating that "If a judgment becomes dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment at any time within two years after it becomes dormant." *See Harvey v. Wasson*, 136 P. 919, 919 (Kan. 1913). By 1945, the General Statutes reflected that a dormant judgment, after two years of dormancy, was "barred" and was required to be released by the clerk of the court. *See* G.S. 1945 § 60-3405. These rules continue to adhere today.

Finally, plaintiffs contend that Americold, under principles of estoppel, cannot now dispute its obligations to plaintiff under the Settlement Agreement because it represented to the district court in the garnishment proceedings that plaintiffs "are entitled to recover from garnishes the amount of all judgments against Americold." Even assuming that plaintiffs came forward with facts establishing the elements of judicial estoppel, *see McClintock v. McCall*, 522 P.2d 343, 346 (Kan. 1974), the Kansas Supreme Court has recognized, in the context of this very case, that once a judgment has been extinguished, there is "nothing left to which equitable principles could be applied." *Americold III*, 270 P.3d at 1082-83 (rejecting plaintiffs' argument that NPIC waived the dormancy defense by failing to appropriately plead it) (citing *Clark v.*

*Glazer*, 609 P.2d 1177 (Kan. App. 1980)). Indeed, the Court in *Americold III* expressly emphasized that because the judgments were unenforceable, the district court lacked subject matter jurisdiction to enter a judgment against NPIC and the parties "cannot confer subject matter jurisdiction on the district court by consent, waiver or estoppel." *Id*. at 1079.

For the foregoing reasons, a Stipulation of Revivor cannot revive the Consent Judgments because those Consent Judgments, as held by the Kansas Supreme Court in *Americold III*, have been extinguished and released. Because a Stipulation of Revivor, then, is not "necessary" to plaintiff's efforts to execute on those judgments, Americold has not breached ¶ 14.1 of the parties' Settlement Agreement in the Kansas Action.


**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion for summary judgment (doc. 35) is granted and plaintiffs' motion for summary judgment (doc. 37) is denied.


**IT IS SO ORDERED.**


Dated this 4th day of October, 2013, at Kansas City, Kansas.


                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge