IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Conagra Foods, Inc. f/k/a
Conagra, Inc. et al.,**

      **Plaintiffs,**

v.                                                                Case No. 13-2064-JWL

**Americold Logistics, LLC et al.,**

      **Defendants.**

## MEMORANDUM & ORDER

In October 2013, the court granted summary judgment in favor of defendants on plaintiffs' claims. Two of the plaintiff-entities, ConAgra Foods, Inc. and Swift-Eckrich, Inc., filed a timely merits appeal with the Tenth Circuit. The Circuit concluded *sua sponte* that this court lacked subject matter jurisdiction over the case. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175 (10th Cir. 2015). Those plaintiffs then filed a petition for writ of certiorari which was granted by the Supreme Court. The Supreme Court ultimately affirmed the Tenth Circuit, *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016), and Circuit recently issued its mandate remanding the case to this court "to vacate its judgment on the merits and remand the matter to state court."

At the same time, plaintiffs Kraft Foodservice, Inc. and Safeway, Inc. have filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). In support of the motion, plaintiffs rely on the Tenth Circuit's decision that the court lacked jurisdiction to enter the judgment and the mandate directing the court to vacate the judgment. The Americold

defendants oppose the motion on the grounds that these plaintiffs, who never appealed or challenged this court's jurisdiction in any respect, are lodging an impermissible collateral attack on the court's subject matter jurisdiction.

The mandate rule requires a district court to comply strictly with the mandate rendered by the reviewing court. *United Pacific R. Co. v. United States ex rel. U.S. Army Corps of Engineers*, 446 F.ed Appx. 975, 976 (10th Cir. Nov. 10, 2011). The Circuit's mandate language in this case gives the court no discretion on remand but instead gave a specific instruction to vacate the judgment and remand the case to state court. The court, then, will execute the Circuit's mandate and, in doing so, dismisses the motion for lack of jurisdiction. Finally, because the court did not rely in any respect on the reply brief filed by plaintiffs ConAgra Foods, Inc. and Swift-Eckrich, Inc., the court dismisses Americold's motion to strike that reply as moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Kraft Foodservice, Inc. and Safeway, Inc.'s motion for relief from judgment (doc. 59) is dismissed for lack of jurisdiction and Americold's motion to strike the reply (doc. 64) is dismissed as moot.

**IT IS FURTHER ORDERED THAT** this court's judgment dated October 4, 2013 is hereby **vacated** and the case is **remanded** to the District Court of Wyandotte County, Kansas.

**IT IS SO ORDERED.**

Dated this 11th day of April, 2016, at Kansas City, Kansas.


                                            s/ John W. Lungstrum
                                            John W. Lungstrum
                                            United States District Judge